IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 4:99-558-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Terry Lee Green, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief from judgement pursuant to Federal Rule of Civil Procedure 60(b)(1). ECF No. 89.

Defendant's motion is a third attempt to have this court consider the "fact" of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) as the basis for filing a motion under 28 U.S.C. § 2255(f)(4). *See* Mot. to Vacate (ECF No. 81); Mot. for Reconsideration (ECF No. 86).

Despite Defendant's continued arguments to the contrary, this motion and Defendant's prior attempts to have a court review his circumstance under *Simmons* are successive motions for relief under 28 U.S.C. § 2255. Defendant's failure to secure permission to file a second or successive motion in the Fourth Circuit Court of Appeals prior to filing the motion in this court is fatal to the outcome of any action on the motion by this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant

1

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.[1]

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

---

[1] Defendant pursued previous motion for relief under 28 U.S.C. § 2255 in this court in 2002. *See Green v. United States*, D.S.C. Civil Action No. 4:02-1988-22. This matter was concluded with summary judgment being awarded to the Government.

2

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 6, 2013